UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEXANDER BALLARD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES GOVERNMENT, )<br>)<br>Defendant. ) | Civil Action No. 1:22-cv-02239 (UNA) |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), by which the court is required to dismiss a case "at any time" if it determines that the action is frivolous.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Plaintiff, a federal prisoner currently designated to the Federal Correctional Institution located in Tucson, Arizona, has sued the United States. He alleges that the government has used "involuntary medicinal and other procedures . . . as well as using special weapons and tactics as use of force and oppressive tactics," and "bio-medical-science," including through "psycho surger[ies]" and "CBRN chemical-biological-radiological-nuclear [weapons]" used as means to

poison his food and water, control his body, traffic him, and steal his personal information. He contends that several government agencies have ordered their officials to cause him harm, namely, to lose control of his arms and legs. He demands various forms of monetary and equitable relief.

The court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307-08. The instant complaint satisfies this standard. In addition to failing to state a claim for relief, or to establish this court's subject matter jurisdiction, notably, the complaint is deemed frivolous on its face.

Plaintiff has also filed a motion for injunction, ECF No. 3, which raises substantially similar allegations to those raised in complaint, and for the very same reasons, relief will be denied.

For the reasons stated herein, the complaint and this case are dismissed. A separate order accompanies this memorandum opinion.

DATE: October 18, 2022

_____ s/s_____
COLLEEN KOLLAR-KOTELLY
United States District Judge